**SO ORDERED.**

**DONE and SIGNED September 19, 2017.**



_____
JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Daryl Andre Mathews | § | Case Number: 17-11388 |
| Yuvonda Yvette Mathews | § | |
| Debtors | § | Chapter 13 |

### ORDER DISMISSING CASE FOR JOINT-DEBTOR ONLY

This matter is before the Court on the Order to Show Cause (ECF No. 8). For the following reasons, the Court finds that the joint-debtor, Yuvonda Y. Mathews, must be dismissed from this case.

This case was commenced on September 1, 2017, with the filing of the voluntary petition. In support of the petition, and in compliance with 11 U.S.C. § 109(h)(1), the debtors filed two Certificates of Credit Counseling (ECF Nos. 2 and 3). Section 109(h)(1) provides, in part, the following:

> an individual may not be a debtor under this title unless such individual has, during
> the 180-day period ending on the date of filing of the petition by such individual,

1

> received from an approved nonprofit budget and credit counseling agency
> described in section 111(a) an individual or group briefing (including a briefing
> conducted by telephone or on the Internet) that outlined the opportunities for
> available credit counseling and assisted such individual in performing a related
> budget analysis.

Daryl A. Mathews' credit counseling certificate is dated May 17, 2017, which is 107 days prior to the petition filing date; therefore, it was completed within the 180 day period required by the Code. Unfortunately, Yuvonda Mathews' credit counseling certificate is dated October 17, 2016, which is 319 days prior to the filing of the petition; therefore, her certificate was not completed within the 180 days prior to filing. Therefore, the Court finds that joint-debtor Yuvonda Mathews has not complied with 11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3), an individual may seek a temporary exemption from the credit counseling requirement. Pursuant to 11 U.S.C. § 109(h)(2), an individual may also qualify for one of the permanent waivers of the credit counseling requirement. The joint debtor, Yuvonda Mathews, does not qualify for a permanent waiver as she neither resides in a district where credit counseling agencies are "not reasonable to provide adequate services" as required by 11 U.S.C. § 109(h)(2) nor is subject to "incapacity, disability or active military duty in a military combat zone" as required by 11 U.S.C. § 109 (h)(4). Therefore, her only option is to seek a temporary exemption from the briefing requirement under 11 U.S.C. § 109(h)(3).

The debtors filed an amended voluntary petition (ECF No. 13). Part 5 of that amended petition has a check mark at question 15 in which the joint-debtor certifies the following:

> I certify that I asked for credit counseling services from an approved agency, but
> was unable to obtain those services during the 7 days after I made my request, and
> exigent circumstances merit a 30-day temporary waiver of the requirement.

The petition then states that "[t]o ask for a 30 day-temporary waiver of the requirement attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to

obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case." The debtor has attempted to comply with that requirement by attaching an affidavit to the amended petition (ECF No. 13, pgs. 8-9).

The affidavit, along with counsel's description of events at the show cause hearing, describes the joint-debtor's and counsel's staff's error in not obtaining credit counseling within the 180 day period required by 11 U.S.C. § 109. The joint-debtor had previously obtained credit counsel in October of 2016, and the credit counseling website used by debtor's counsel had procedural safeguards in place to alleviate a debtor taking credit counseling twice. After a debtor completes credit counseling, the website locks that debtor out of the website until manually reset by the credit counseling agency. Therefore, because she had previously taken a credit counseling course in 2016, the joint-debtor was locked out of the website when she attempted to complete her credit counseling for this case. The debtor contacted the credit counseling provider to have the website reset. Unfortunately, the joint-debtor and her attorney then assumed that the website resetting would provide the debtor with an updated credit counseling certificate; however, it simply reset the credit counseling agency website so that the debtor could retake the credit counseling course. She did not retake the credit counseling course, and the petition was filed. The only credit counseling certificate available to the joint-debtor was the original expired certificate dated October 17, 2016. The Court does not find fault with the joint-debtor or her attorney. The issue concerning the locked webpage was clearly confusing, and it is easy to see how the parties could have misunderstood what happened.

There are two conditions pursuant to 11 U.S.C. § 109(h)(3)(A)(i) and (ii) for a debtor to obtain a temporary exemption from the credit counseling requirement. Those conditions are as follows: (1) the debtor must describe "exigent circumstances," and those circumstances must

3

"merit a waiver" of the prepetition briefing requirement in § 109(h)(1), and (2) the debtor must have requested credit counseling services but be unable to obtain such services during the seven day period following such request. The main issue is whether the joint-debtor has described sufficiently "exigent circumstances" to merit a temporary exemption. The Court finds she has not.

A bankruptcy treatise stated the following with respect to the "exigent circumstances" requirement:

> Circumstances that could fit the definition of "exigent" and that relate to or impact the prepetition briefing requirement might be grouped in four categories: (1) physical or mental conditions or characteristics of the debtor; (2) limits on availability of briefing services; (3) events that interrupt receipt of a briefing; and (4) events that will render bankruptcy relief less effective. Exploring the meaning of "exigent" and of "merit a waiver" in each of these contexts may shed some light on the exigent circumstances predicate for temporary exemption from the prepetition briefing requirement. Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Edition, § 369.7, at ¶ 8, Sec. Rev. July 3, 2007, www.Ch13online.com.

Here, the Court finds no "exigent circumstances." The debtor is not physically or mentally impaired. In this district and division, credit counseling is available and easily obtained by internet, phone or in person. Additionally, the joint-debtor does not allege any events that interrupted receipt of a briefing and no claim of any event that would have rendered the bankruptcy less effective.

The Court finds that "exigent circumstances" must be particular to the debtor. Such circumstances should support the finding that the debtor was compelled to file bankruptcy when presented with an urgent situation which rendered the debtor unable to comply with the credit counseling requirement before commencing the bankruptcy case. The Code requires that "exigent circumstances" must have prevented the debtor from obtaining counseling, but that such counseling was attempted and the debtor was unable to obtain the services within seven days of the attempt. In this case, the Court finds only error and inadvertence in the joint-debtor's failing

4

to obtain the credit counseling. Even if such failure was unintentional and understandable, it does not rise to the level of "exigent circumstances."

This Court can envision many fact patterns that would support a finding of "exigent circumstances." For example, an imminent repossession or foreclosure can be an "exigent circumstance" as long as the debtor has a valid reason as to why the debtor was unable to obtain the required credit counseling. Black's Law Dictionary defines the phrase "exigent" as "a pressing necessity; a sudden and unexpected happening or an unforeseen occurrence or condition." Unfortunately, the error and inadvertence in this case, even if excusable, does not give rise to "exigent circumstances."

It is also important to note that most cases involving "exigent circumstances involve imminent sheriff sales of homes, or imminent vehicle repossession. In the joint-debtor's affidavit, she merely alleges that she and her husband were concerned his vehicle would be repossessed due to late payments. She was also concerned about potential foreclosure proceedings. One court has said the following about the "exigent circumstances" rule:

> [T]he circumstances presented obviously have to relate in some way to the urgency and need to file. And they must establish something sufficiently different from or more pressing than the usual or typical motivations to file bankruptcy so as to justify dispensing with the requirement of prefiling counseling….It is hard to imagine an exigent circumstance sufficient to motivate an immediate bankruptcy filing that does not concern creditor collection activity of some sort….Congress did not, in § 109(h), grant each and every debtor a pass on the counseling requirement due to an impending foreclosure, garnishment, trial or other filing motivator. It is clear that § 109(h)(3)(A) exemptions are intended to be the exception, not the rule. *In re Rodriguez*, 336 B.R. 462 (Bankr. D. Idaho 2005).

In Louisiana, a creditor must provide notice to the debtor of an intent to repossess. La. R.S. 6:966.1. The joint-debtor does not indicate whether they have received such a notice. There is also no indication that actual home foreclosure proceedings have actually commenced. The joint-

debtor has simply failed to describe "exigent circumstances" sufficient to warrant a temporary exemption to the credit counseling requirement.

Further, it does not appear the debtor was unable to obtain credit counseling, as is required under 11 U.S.C. § 109(h)(3)(A)(ii). It simply appears the debtor and the law firm were mistaken about whether the credit counseling had actually been completed. In order to take advantage of the temporary exemption, a debtor must have requested credit counseling services, but be unable to obtain such services for seven days. One court stated that an extension was not warranted where "[t]he evidence indicates that Debtor could have met the requirements of the statute with due diligence." *In re Dansby*, 340 B.R. 564, 569 (Bankr. D.S.C. 2006). This is exactly the case here. If the joint-debtor and the attorney had executed additional due diligence, the joint-debtor could have easily completed the credit counseling requirement prior to filing.

Finally, the Court must determine whether it is more appropriate to dismiss the joint-debtor from this case, or to strike her petition as a nullity. There is a split nationwide, and within this Circuit, whether an ineligible debtor should be dismissed from a bankruptcy case, or whether the petition itself is a nullity. The majority of courts have held that dismissal is appropriate. *See, e.g., In re Falcone*, 370 B.R. 462 (Bankr. D. Mass. 2007); *In re Seaman*, 340 B.R. 698 (Bankr. E.D.N.Y. 2006); *In re Jones*, 352 B.R. 813 (Bankr. S.D. Texas 2006); *In re Hedquist*, 342 B.R. 295 (B.A.P. 8th Cir. 2006); *In re Fransico*, 386 B.R. 854 (Bankr. D.N.M. 2008). A small minority of courts have held that striking the petition is the more appropriate result. *See, e.g., In re Elmendorf*, 345 B.R. 486 (Bankr. S.D.N.Y. 2006); *In re Rios*, 336 B.R. 177 (Bankr. S.D.N.Y. 2005); *In re Thompson*, 344 B.R. 899 (Bankr. S.D. Ind. 2006). This Court agrees with the majority approach. A petition filed under 11 U.S.C. §§ 301, 302, or 303 operates as a stay and commences a bankruptcy case. An individual may be ineligible to be a debtor under the Bankruptcy Code for

6

failure to satisfy the credit counseling requirement of 11 U.S.C. § 109(h), but the language in 11 U.S.C. § 301 does not bar that debtor from commencing a case by filing a petition.  It only bars a case from being maintained.  Accordingly, the joint-debtor in this case may not maintain the case due to her failure to obtain credit counseling within 180 days of the petition date.  The appropriate remedy is the dismissal of the joint-debtor from the case.  The case remains pending as to her husband, debtor Daryl A. Mathews.

**THEREFORE, IT IS ORDERED** that this case is dismissed with respect to joint-debtor Yuvonda Yvette Mathews only.  The case remains pending with respect to debtor Daryl A. Mathews.

###

7

17-11388 - #17  File 09/19/17  Enter 09/20/17 07:15:59  Main Document  Pg 7 of 7